UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

PLANNED PARENTHOOD OF
GREATER TEXAS SURGICAL
HEALTH SERVICES, on behalf of itself,
its staff, physicians and patients, et al.,

    Plaintiffs,

v.

CITY OF LUBBOCK, TEXAS,

    Defendant.

No. 5:21-CV-114-H

### ORDER SETTING HEARING
### AND REQUIRING BRIEFING ON *PULLMAN* ABSTENTION

As ordered by the Court's May 18, 2021, Order Requiring Jurisdictional Briefing, Dkt. No. 18, the parties filed briefs addressing whether the Court has jurisdiction to hear the case. Dkt. Nos. 31–32. Additionally, the Court granted leave on May 25, 2021, for various amici to file a brief on the jurisdictional issue. Dkt. No. 35. The parties and amici raise important points for consideration in the Court's resolution of the threshold jurisdictional issue. In light of the briefing and given that a finding of no jurisdiction would be case-dispositive, the Court finds that a hearing on the matter would be helpful to the Court and would give the parties an opportunity to address the Court's questions. Thus, the Court will hold a hearing on the jurisdictional issue on Friday, May 28, 2021, at 9:00 a.m., in the United States District Court, 1205 Texas Avenue, Courtroom C-216, Lubbock, Texas.

If counsel for amici would like to present oral argument in support of their brief, Dkt. No. 34-1, the Court will afford counsel an opportunity to do so. If either party wishes to respond to the amici curiae brief, the parties may do so in a response not to exceed 5 pages and filed no later than Thursday, May 27, 2021, at noon.

To aid the parties' preparation for the hearing, the Court advises them that it anticipates asking questions regarding *Pullman* abstention. *R.R. Comm'n of Tex. v. Pullman Co.*, 312 U.S. 496 (1941). In *Pullman*, the Supreme Court abstained from deciding a case that challenged an order from the Texas Railroad Commission "as unauthorized by Texas law as well as violative of the Equal Protection, the Due Process and the Commerce Clauses of the Constitution." *Id*. at 498. Abstention was appropriate because if, as Pullman Company argued, the Commission was without authority under state law to issue the challenged order, "the constitutional issue does not arise," and "[t]he law of Texas appears to furnish easy and ample means for determining the Commission's authority." *Id.* at 501. Here, the plaintiffs ask the Court, independent of the federal constitutional claim, to "[d]eclare the Ordinance invalid under Texas law" because Texas "does not grant municipalities the power to create civil liability between private parties" and because the ordinance is preempted by state law. Dkt. No. 1 at 12–14.

To aid the Court's preparation for the hearing, the parties are ordered to file briefs of no more than seven pages, detailing their positions regarding *Pullman*'s potential application to this case, no later than Thursday, May 27, 2021, at noon. Counsel for amici is invited to brief *Pullman* under the same timeline but is not required to do so.

So ordered on May 25, 2021.

_____
JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE